Salmons & Alexander *vs.* Hoyt & Jones.

---

SALMONS & ALEXANDER, plaintiffs in error, *vs.* HOYT & JONES, defendants in error.

A promissory note payable "at Hoyt & Jones," does not, upon its face, show that it was made for the purpose of negotiation at a chartered bank. Nor is the fact that suit thereon is brought against the indorsers

Salmons & Alexander *vs.* Hoyt & Jones.

by Hoyt & Jones, and who are described in the declaration as "lately bankers doing business under the name, style and firm of Hoyt & Jones," sufficient to prove that Hoyt & Jones is a chartered bank, although protest fee is claimed in the petition.

Promissory notes. Indorsers. Protest. Before Judge HOPKINS. Fulton Superior Court. April Term, 1874.

Hoyt & Jones, "lately bankers doing business in the city of Atlanta," brought assumpsit against Salmons & Alexander, as indorsers upon a note made by Chapley B. Wellborn, dated October 21st, 1871, and due at thirty days, for $500, payable at "Hoyt & Jones." Plaintiffs, in their declaration, also claimed $3 25 for noting and protesting. The defendants pleaded that said note was made for negotiation at a chartered bank, to-wit: the bank of said plaintiffs, in said county, and no notice of non-payment and protest was given to them as required by law.

Plaintiffs introduced the note in evidence and attempted to prove protest and notice, but failed. The defendant moved for a non-suit. The motion was overruled and defendants excepted.

The court charged the jury that protest and notice were unnecessary unless the evidence showed that the note was payable at a chartered bank.

The jury found for the defendants. The plaintiffs moved for a new trial because the verdict was contrary to law, the charge of the court, and the evidence. The motion was sustained and the defendants excepted.

Error is assigned upon each of the above grounds of exception.

A. W. HAMMOND & SON, for plaintiffs in error.

JOHN M. CLARK & SON, for defendants.

TRIPPE, Judge.

The note on which suit was brought was payable at "Hoyt & Jones." The action is in the name of "Henry O. Hoyt and Darwin G. Jones, lately bankers doing business in the city of Atlanta, under the name, style and firm of Hoyt &

Jones." The exception is that there was error in the court's granting a new trial, because there was no proof of a protest for non-payment, and notice thereof, to the indorsers, after a verdict for the defendants. No protest of such papers is necessary unless they "are made for the purpose of negotiation, or intended to be negotiated at a chartered bank:" Code section 2781. This note is certainly not on its face payable at a chartered bank. Hoyt & Jones are not even in it called "bankers." In the declaration they are called "lately bankers, doing business, etc., under the *name, style and firm* of Hoyt & Jones." A coporation does not sue in the individual name of the corporators as these plaintiffs do, nor can it be properly called a *firm*. The use in the declaration of the words "lately bankers, using the firm, style," etc., does not raise the presumption that they were a chartered bank. We know of no statute, state or federal, making "Hoyt & Jones" a corporation or a chartered bank. Nor does the fact that a protest fee is claimed in the declaration, show it. They are not entitled to recover it, it is true, because they are not chartered. The mere claim of such a fee does not burden them with all the rules applicable to a chartered bank. It is a well known fact, that protests are continually being made, of papers not required by law to be protested for non-payment, and in suits brought upon them, the protest fee is claimed. It would be a hard rule that imposes upon such plaintiffs the strict legal regulations applicable to banks proper.

Judgment affirmed.